# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>Plaintiff,<br><br>v.<br><br>MAGANOLA et al.,<br><br>Defendants. | Case No. 2:22-cv-02997-JWH (DFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

The Report recommends the grant of Defendants' motion for summary judgment and the dismissal of this action without prejudice. (ECF No. 81.) Plaintiff's request for reconsideration (ECF No. 82), which is construed as objections to the Report, do not merit a change to the Report's findings or recommendations.

Plaintiff objects that the Supremacy Clause was violated when prison correctional officers forged or threw out Plaintiff's grievance, so as to leave out Plaintiff's allegations of sexual and physical assaults. (ECF No. 82 at 1-3.) The Supreme Clause, however, "is not the source of any federal rights, and certainly does not create a cause of action." *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 325 (2015) (citations omitted). Moreover, Plaintiff's allegation that his grievance was forged or thrown out is completely unsupported. Thus, as the Report found, the undisputed facts show that Plaintiff failed to exhaust his available administrative remedies regarding the alleged assaults that occurred on August 15, 2021, October 2, 2021, and October 4, 2021. (ECF No. 81 at 17.)

Plaintiff objects that his claims should not be dismissed for failure to exhaust because he timely submitted a "concern form," which received no response. (ECF No. 82 at 3.) This allegation is completely unsupported and therefore insufficient to show that administrative remedies were unavailable. *Cf. Carr v. Higgins*, 700 F. App'x 598, 601 (9th Cir. 2017) (administrative remedies were unavailable where evidence showed prisoner timely submitted a concern form that received no response and where prison officials subsequently refused to collect the prisoner's grievance forms).

Plaintiff also objects that his claims should not be dismissed for failure to exhaust administrative remedies because he made a phone call to internal affairs. (ECF No. 82 at 3-5.) To the extent that Plaintiff is alleging that he complained during the phone call about the alleged abuse, the call was insufficient to exhaust administrative remedies. *See* Cal. Code Regs. tit 15, § 3480(b)(10) (2020) (for inmates within the California Department of Corrections and Rehabilitation ("CDCR"), a grievance "means a written request from a claimant for review . . . of one or more claims"); *see also Luevano*

*v. Jenkins*, 2024 WL 345994, at *13 (E.D. Cal. Jan. 30, 2024) (state inmate's verbal notice of staff misconduct in 2021 was not adequate to satisfy the CDCR's administrative exhaustion requirement) (citing cases). To the extent that Plaintiff is alleging that he complained during the phone call about a hindrance of his ability to exhaust administrative remedies, the allegation is completely unsupported. And as the Report found, Plaintiff failed to establish that he diligently sought phone records during discovery. (ECF No. 81 at 6-7.) Thus, the Court agrees with the Report that dismissal without prejudice is warranted for Plaintiff's failure to exhaust his administrative remedies as to three of the four alleged assaults. (*Id.* at 17.)

For those reasons, the Court hereby **ORDERS** as follows:

1. The findings, conclusions, and recommendations of the United States Magistrate Judge are **ACCEPTED**.

2. Judgment shall be entered **GRANTING** Defendants' Motion for Summary Judgment and **DISMISSING** the claims arising on August 15, October 2, and October 4, 2021, **without prejudice** and the claims arising on September 20, 2021, **with prejudice**.

**IT IS SO ORDERED.**

Date: April 11, 2025

John W. Holcomb
United States District Judge